IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Operating Engineers Local 150 Apprenticeship Fund; Midwest Operating Engineers Retirement Enhancement Fund; and Construction Industry Research and Service Trust Fund;<br><br>Plaintiffs,<br><br>v.<br><br>Environmental Soil Probing Corp., an Illinois corporation;<br><br>Defendant. | CIVIL ACTION<br><br>NO. |

## COMPLAINT

Plaintiffs, Midwest Operating Engineers Welfare Fund, Midwest Operating Engineers Pension Trust Fund, Operating Engineers Local 150 Apprenticeship Fund, Midwest Operating Engineers Retirement Enhancement Fund ("REF"), (collectively "the Funds"), and Construction Industry Research and Service Trust Fund ("CRF"), (collectively "Plaintiffs") bring this action to collect contributions and dues from Defendant, Environmental Soil Probing Corp.

### COUNT I.    SUIT FOR DELINQUENT CONTRIBUTIONS

**Facts Common to All Counts**

1.     The Union is an employee organization under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(4); and a labor organization under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 152(5).

2.     Defendant, Environmental Soil Probing Corp., is an "Employer" within the meaning of ERISA, 29 U.S.C. § 1002(5) and an "Employer" within the meaning of the LMRA,

29 U.S.C. § 152(2). It is a corporation engaged in the environmental drilling and soil testing industry with its principal office in St. Charles, Illinois.

3. Through filings with the Illinois Secretary of State, Environmental Soil Probing Corp. identified Allison Stefansson as President (Exhibit A).

4. On August 29, 2008 and April 5, 2018, Environmental Soil Probing Corp., through Allison Stefansson, signed two Memorandum of Agreements (attached as Exhibit B and Exhibit C) with the Union that adopted the terms of a collective bargaining agreement ("CBA") known as the Drillers and Field Technicians Agreement 1-2-3-4-5-6-7-8 (CACTDIA & The Alliance) (excerpts attached as Exhibit D).

5. The CBA and the Agreements and Declarations of Trust incorporated therein require Environmental Soil Probing Corp. to make fringe benefit contributions to the Funds. The Funds are "employee welfare benefit plans" and/or "plans" within the meaning of ERISA, 29 U.S.C. § 1002 (3).

6. The CBA and Trust Agreements specifically require Environmental Soil Probing Corp. to:

(a) Submit a monthly report stating the names and number of hours worked by every person on whose behalf contributions are required and accompany these reports with payment of contributions based on an hourly rate identified in the CBA;

(b) Compensate the Funds for the additional administrative costs and burdens imposed by its delinquency through payment of liquidated damages in the amount of ten percent of untimely contributions, or twenty percent of such contributions should the Funds be required to file suit;

(c) Pay interest to compensate the Funds for the loss of investment income;

(d) Make its payroll books and records available to the Funds for the purpose of an audit to verify the accuracy of past reporting, and pay any and all costs incurred by the Funds in pursuit of an audit where a delinquency in the reporting or submission of contributions is identified;

(e) Pay the Funds' reasonable attorneys' fees and costs incurred in the prosecution of any action to collect outstanding reports, delinquent contributions, or compliance with an audit request;

(f) Furnish to the Funds a bond in an amount acceptable to the Funds.

7. The CBA also requires Environmental Soil Probing Corp. to make contributions to CRF. CRF is a labor management cooperative committee as that term is defined under Section 302(c)(9) of the LMRA, 29 U.S.C. § 186 (c)(9). The CBA places the same obligations on Environmental Soil Probing Corp. with respect to CRF as it does the Funds.

8. Environmental Soil Probing Corp. has become delinquent in the submission of its reports and contributions due the Funds and CRF. As a result of this delinquency, it owes the Funds and CRF contributions, liquidated damages, and interest.

## Jurisdiction and Venue

9. This Court has jurisdiction over this action pursuant to ERISA, 29 U.S.C. §§ 1132, 1145 and 28 U.S.C. § 1331, because ERISA is a federal statute.

10. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA because the Funds are administered in Cook County, Illinois.

## Allegations of Violations

11. ERISA states: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

12. Where an employer fails to submit contribution reports and contributions timely, ERISA permits the Funds to file suit under ERISA to collect the fringe benefit contributions, liquidated damages, interest, attorneys' fees and costs. ERISA also permits the Funds to seek an injunction that requires submission of outstanding reports so that the Funds may determine

whether additional sums are due to the Funds. Alternatively, the Funds may seek an audit to establish whether such sums are due, and/or estimate the amounts due.

13. Environmental Soil Probing Corp. has violated ERISA and breached the CBA and the Trust Agreements because it has failed to timely submit its reports and contributions to the Funds, and refused to pay liquidated damages and interest that has accrued.

14. Upon careful review of all records maintained by the Funds, and after application of any and all partial payments made by Environmental Soil Probing Corp., there is a total of $569,152.19 known to be due the Funds from Environmental Soil Probing Corp., before the assessment of fees and costs, and subject to the possibility that additional contributions, liquidated damages, and interest will become due while this lawsuit is pending.

WHEREFORE, the Funds respectfully request that the Court:

A. Enter judgment in favor of the Funds and against Environmental Soil Probing Corp. for all unpaid contributions as identified in Environmental Soil Probing Corp.'s contribution reports;

B. Enjoin Environmental Soil Probing Corp. to perform specifically its obligations to the Funds, including submission of the required reports and contributions due thereon to the Funds in a timely fashion as required by the plans and by ERISA;

C. Enjoin Environmental Soil Probing Corp. at the Funds' option to submit to an audit of its payroll books and records in order to determine whether Environmental Soil Probing Corp. owes additional sums to the Funds, and pay the costs of such an audit; or alternatively at the Funds' option require Environmental Soil Probing Corp. to pay any contributions reasonably estimated to be due by the Funds for the period when Environmental Soil Probing Corp. failed and refused to timely submit contribution reports;

D. Enter judgment against Environmental Soil Probing Corp. and in favor of the Funds for liquidated damages, interest, attorneys' fees and costs associated with all delinquent contributions;

E. Provide the Funds with such further relief as may be deemed just and equitable by the Court, all at Environmental Soil Probing Corp.'s cost.

## COUNT II. SUIT TO COLLECT CRF CONTRIBUTIONS

1-14. CRF re-alleges and incorporates herein by reference paragraphs 1 through 14 of Count I as if fully stated herein.

### Jurisdiction and Venue

15. This Court has jurisdiction over this action pursuant to § 301 of the LMRA, 29 U.S.C. § 185 and 28 U.S.C. § 1331.

16. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because this Court has jurisdiction over the parties, and CRF's principal office is located within the geographic jurisdiction of this Court.

### Allegations of Violations

17. Environmental Soil Probing Corp. has not submitted all of its contribution reports to CRF. Environmental Soil Probing Corp. has failed to make timely payment of all contributions acknowledged to be due according to Environmental Soil Probing Corp.'s own contribution reports and the collective bargaining agreement, and Environmental Soil Probing Corp. has failed to pay interest and liquidated damages required by the CBA. Accordingly, Environmental Soil Probing Corp. is in breach of its obligations to the CRF under the CBA.

18. That upon careful review of all records maintained by CRF, and after application of any and all partial payments made by Environmental Soil Probing Corp., there is a total of $4,181.54 known to be due to CRF from Environmental Soil Probing Corp. subject to the possibility that additional contributions, liquidated damages, and interest will become due while this lawsuit is pending.

WHEREFORE, CRF respectfully requests that the Court:

A. Order Environmental Soil Probing Corp. to submit all delinquent monthly contribution reports;

B. Enter judgment in favor of CRF and against Environmental Soil Probing Corp. for all unpaid contributions, liquidated damages, interest, CRF's reasonable attorneys' fees and costs, including any amounts estimated to be due in view of Environmental Soil Probing Corp's failure to submit all contribution reports required by the CBA;

C. Enjoin Environmental Soil Probing Corp. to perform specifically its obligations to CRF including timely submission of reports and contributions as required by the plans and the CBA;

D. Award CRF such further relief as may be deemed just and equitable by the Court, all at Environmental Soil Probing Corp.'s cost.

Dated: June 13, 2025

Respectively submitted,

By: /s/ Brad H. Russell
One of the Attorneys for the Plaintiffs

Attorneys for the Funds and CRF:

Dale D. Pierson *(dpierson@local150.org)*
Brad H. Russell *(brussell@local150.org)*
Institute for Worker Welfare P.C.
6141 Joliet Road
Countryside, IL 60525
Ph: (708) 579-6663
Fx: (708) 588-1647